**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**VINCENT COOPER**                                                          **PLAINTIFF**

**V.**                                                          **CAUSE NO. 3:19-cv-866-DPJ-FKB**

**THE TRAVELERS INDEMNITY COMPANY
BIRDSONG CONSTRUCTION COMPANY, INC.
JOHN DOES 1-10 AND XYZ CORPORATIONS 1-10**                    **DEFENDANTS**

---

**THE TRAVELERS INDEMNITY COMPANY'S
ANSWER AND DEFENSES TO THE PLAINTIFF'S COMPLAINT**

---

COMES NOW The Travelers Indemnity Company (hereinafter "Travelers"), defendant herein, by and through counsel, and files this its Answer and Defenses to the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Travelers upon which relief can be granted and, consequently, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

**SECOND DEFENSE**

Travelers raises all other Rule 12(b) *Federal Rules of Civil Proc*edure defenses which may be applicable.

**THIRD DEFENSE**

Birdsong Construction Company, Inc. has been improperly joined as a defendant in this cause.

**FOURTH DEFENSE**

Without waiving the above defenses, or any other defense set forth herein, Travelers

**DEFENDANT DEMANDS TRIAL BY JURY**

answers the allegations of the Complaint, paragraph by paragraph, as follows:

1.

The plaintiff's alleged citizenship is admitted subject to amendment after discovery.

2.

Travelers admits that it is a foreign corporation doing business in the State of Mississippi. The allegations regarding Travelers's agent for service of process are admitted.

3.

Travelers does not have sufficient information to admit or deny the allegations regarding the co-defendant in question. Therefore, said allegations are denied subject to amendment after discovery.

4.

Travelers does not have sufficient information to admit or deny the allegations regarding the fictitious co-defendants in question. Therefore, said allegations are denied subject to amendment after discovery.

5.

It is admitted that the United States District Court for the Southern District of Mississippi has jurisdiction over the parties. It is denied that the Circuit Court of Hinds County, Mississippi, has jurisdiction over the parties following the removal of this cause to this Court.

6.

It is admitted that the United States District Court for the Southern District of Mississippi has subject matter jurisdiction over this cause. It is denied that the Circuit Court of Hinds County, Mississippi, has subject matter jurisdiction over this cause following the removal of this cause to this Court.

7.

It is admitted that venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division. It is denied that venue is proper in the Circuit Court of Hinds County, Mississippi, First Judicial District, following the removal of this cause to this Court.

8.

Travelers admits that the plaintiff sustained a compensable injury under the *Mississippi Workers' Compensation Act* on or about the date alleged. It is also admitted that the plaintiff was an employee of Birdsong Construction and that Travelers was Birdsong Construction's workers' compensation insurance carrier. Otherwise, except as expressly admitted, the allegations in paragraph 8 are denied as stated.

9.

The allegations in paragraph 9 are denied.

10.

Travelers denies paragraph 10 as an incomplete and/or inaccurate statement of law and denies the plaintiff's legal conclusions. Further, Travelers denies any liability, fault, or wrongdoing in connection with the plaintiff's claim.

11.

Travelers denies paragraph 11 as an incomplete and/or inaccurate statement of law and denies the plaintiff's legal conclusions. Travelers specifically denies that it is vicariously liable for any acts and/or omissions of Birdsong Construction's individual employees or supervisors under the legal theory of *respondeat superior*. Further, Travelers denies any liability, fault, or wrongdoing in connection with the plaintiff's claim.

12.

The allegations in paragraph 12 are denied.

13.

The allegations in paragraph 13 are denied as stated. It is admitted that Travelers determined that the plaintiff sustained a compensable work injury and it is admitted that Travelers paid temporary total disability benefits to the plaintiff and furnished medical benefits to the plaintiff pursuant to the *Mississippi Workers' Compensation Act*. Otherwise, except as expressly admitted, the allegations in paragraph 13 are denied as stated.

14.

The allegations in paragraph 14, including footnote 1 therein, are denied as stated. It is admitted that Travelers determined that the claimant sustained a compensable work injury and it is admitted that Travelers paid temporary total disability benefits to the plaintiff and furnished medical benefits to the plaintiff under to the *Mississippi Workers' Compensation Act*. Otherwise, except as expressly admitted, the allegations in paragraph 14 are denied as stated. Further, Travelers denies any liability, fault, or wrongdoing in connection with the plaintiff's claim.

15.

The allegations in paragraph 15 are denied.

16.

The allegations in paragraph 16 are denied.

17.

The allegations in paragraph 17 are denied.

18.

The allegations in paragraph 18 are denied.

19.

The allegations in paragraph 19 are denied.

20.

The allegations in paragraph 20 are denied.

21.

The allegations in paragraph 21 are admitted.

22.

Travelers denies paragraph 22 as an incomplete and/or inaccurate statement of the proceedings before the Mississippi Workers' Compensation Commission. It is admitted that the carrier denied compensability when the initial Answer and Affirmative Defenses was filed, and that after further good faith investigation the carrier filed an Amended Answer and Affirmative Defenses admitting that the plaintiff sustained a compensable injury. Travelers denies any liability, fault, or wrongdoing in connection with the plaintiff's claim.

23.

Travelers denies paragraph 23 as an incomplete and/or inaccurate statement of the proceedings before the Mississippi Workers' Compensation Commission. It is admitted that Travelers accepted compensability prior to any compensability hearing and without being ordered to do so by the Mississippi Workers' Compensation Commission. Travelers denies any liability, fault, or wrongdoing in connection with the plaintiff's claim.

24.

The allegations in paragraph 24 are denied.

25.

The allegations in paragraph 25 are denied.

26.

Travelers denies paragraph 26 as an incomplete and/or inaccurate statement of the proceedings before the Mississippi Workers' Compensation Commission. It is admitted that on May 8, 2019, the Commission entered an Order Approving Compromise Settlement Under 9(i) that was jointly presented by the plaintiff, Travelers, and Birdsong Construction.

27.

The allegations in paragraph 27 are denied.

28.

The allegations in paragraph 28 are denied.

29.

The allegations in paragraph 29 are denied.

30.

The allegations in paragraph 30 are denied.

31.

Travelers incorporates and reasserts its answers in the preceding paragraphs by reference as if fully restated here. The allegations in paragraph 31, including subparagraphs (a) and (b) therein, are denied. Further, Travelers denies any liability, fault, or wrongdoing in connection with the plaintiff's claim.

32.

Travelers incorporates and reasserts its answers in the preceding paragraphs by reference as if fully restated here. The allegations in paragraph 32, including subparagraphs (a) through (c) therein, are denied. Further, Travelers denies any liability, fault, or wrongdoing in connection with the plaintiff's claim.

33.

Travelers incorporates and reasserts its answers in the preceding paragraphs by reference as if fully restated here.

34.

The allegations in paragraph 34 are denied.

35.

The allegations in paragraph 35 are denied.

36.

The allegations in paragraph 36 are denied.

37.

The allegations in paragraph 37 are denied.

38.

The allegations in paragraph 38 are denied.

39.

Travelers denies the unnumbered paragraph beginning with "WHEREFORE, PREMISES CONSIDERED," and denies that the plaintiff is entitled to a judgment against Travelers in any amount.

**FIFTH DEFENSE**

Travelers specifically denies any allegation of Plaintiff's Complaint not otherwise responded to hereinabove.

**SIXTH DEFENSE**

Travelers denies each and every material allegation of the Complaint by which Plaintiff seeks to impose liability upon it and Travelers denies any responsibility for the alleged conduct in

question.

## SEVENTH DEFENSE

Travelers is not liable to the plaintiff for any alleged negligence, conduct, action, failure or omission on the part of any other party or non-party which caused or contributed to the incident and Plaintiff's alleged damages if any.

## EIGHTH DEFENSE

Travelers affirmatively pleads all applicable Mississippi tort reform statutes and laws.

## NINTH DEFENSE

Travelers specifically pleads the provisions of MISS. CODE ANN. § 85-5-7, and any recovery against this defendant must be limited in accordance with § 85-5-7.

## TENTH DEFENSE

Plaintiff failed to mitigate his damages, if any.

## ELEVENTH DEFENSE

Plaintiff's alleged injuries and damages were caused in whole or in part by the alleged acts or omissions of third parties, for whom this defendant is not responsible or liable. Alternatively, the alleged acts or omissions of such third parties constituted an independent, intervening, and/or superseding cause of plaintiff's injuries and damages.

## TWELFTH DEFENSE

Travelers asserts its right to a jury trial.

## THIRTEENTH DEFENSE

### MOTION TO BIFURCATE

COMES NOW defendant, The Travelers Indemnity Company, by and through its attorneys of record herein and files this *Motion to Bifurcat*e the punitive damages issue from the

underlying claim for compensatory damages pursuant to Miss. Code Ann. § 11-1-65(b) and (c) (Supp. 1992), and Rule 42 of the *Mississippi Rules of Civil Procedure*, and in support thereof would show unto the Court the following:

Plaintiff has made separate claims against The Travelers Indemnity Company for compensatory and punitive damages.

Pursuant to § 11-1-65(b) and (c), and Rule 42 of the *Mississippi Rules of Civil Procedure*, The Travelers Indemnity Company is entitled to a separate evidentiary hearing on the punitive damages issue which should be commenced, if, but only if, an award of compensatory damages has been made against it.

WHEREFORE, PREMISES CONSIDERED, The Travelers Indemnity Company prays that the Court bifurcate the punitive damages issues from the underlying compensatory damages claims by deferring any address of punitive damages issues until a determination has been made as to plaintiff's claim for compensatory damages.

### FOURTEENTH DEFENSE

Plaintiff's demand for punitive damages, if granted, would violate this defendant's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States and Article III, Sections 14, 22 and 28 of the Mississippi Constitution of 1890. The practice of Mississippi courts in permitting the assessment of punitive damages is not reasonably related to any legitimate purpose, permitting a jury standard less discretion to determine the severity of the punishment, and is not related to a legitimate governmental interest. Further, an award of punitive damages against Travelers would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States. Consequently, the Complaint should be dismissed to the extent that it seeks punitive damages.

## FIFTEENTH DEFENSE

Travelers asserts all rights, benefits, and privileges to which it is entitled pursuant to the United States Supreme Court's opinion in the case styled, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## SIXTEENTH DEFENSE

Section 11-1-65 of the *Mississippi Code Annotated* provides specific guidelines and requirements that must be met before punitive damages may be awarded; the plaintiff is not entitled to an award of punitive damages against Travelers and this defendant invokes all provisions of MISS. CODE ANN. § 11-1-65, as amended.

## SEVENTEENTH DEFENSE

Travelers has committed no act or omission in bad faith, tortious or otherwise.

## EIGHTEENTH DEFENSE

The discovery process having not begun, and to the extent the defense may be applicable, the plaintiff breached and/or did not properly and/or fully comply with his obligations under the *Mississippi Workers' Compensation Act*.

## NINETEENTH DEFENSE

Travelers did not ultimately deny the plaintiff's workers' compensation claim, but rather accepted it as compensable under the *Mississippi Workers' Compensation Act*.

## TWENTIETH DEFENSE

Travelers furnished medical treatment and paid indemnity benefits under the *Mississippi Workers' Compensation Act*.

## TWENTY-FIRST DEFENSE

Travelers has paid all benefits owed to the plaintiff under the *Mississippi Workers'*

*Compensation Act.*

## TWENTY-SECOND DEFENSE

Travelers acted in good faith at all times in the handling of Plaintiff's claim and acted with legitimate and arguable reason.

## TWENTY-THIRD DEFENSE

Travelers did not act with malice, and no act or omission of Travelers constituted a willful and intentional wrong.

## TWENTY-FOURTH DEFENSE

The plaintiff's claims are barred by or mitigated by the doctrine of unclean hands.

## TWENTY-FIFTH DEFENSE

Travelers alleges the plaintiff's exclusive remedy is under the applicable workers' compensation laws of the State of Mississippi. To the extent that the plaintiff's exclusive remedy is limited to workers' compensation benefits, the plaintiff's tort claims against this defendant are barred and should be dismissed with prejudice.

## TWENTY-SIXTH DEFENSE

Plaintiff released certain claims and to the extent that Plaintiff is now seeking recovery of damages for claims that are covered under the exclusive remedy provisions of the *Mississippi Workers' Compensation Act* and which were released by the plaintiff upon settlement of his workers' compensation claim, any recovery for released claims is barred.

## TWENTY-SEVENTH DEFENSE

Travelers affirmatively invokes each and every term of the contract of insurance between it and the plaintiff's alleged employers Birdsong Construction Company, Inc.

## TWENTY-EIGHTH DEFENSE

The plaintiff is guilty of negligence which contributed to his alleged injuries and alleged damages.

## TWENTY-NINTH DEFENSE

In consideration of the settlement of the plaintiff's workers' compensation claim, the plaintiff executed a Full and Final Release in which the plaintiff agreed to indemnify Travelers for claims asserted against Travelers and this would include the claim the plaintiff has asserted against Travelers in this cause. Therefore, Travelers is entitled to indemnity from the plaintiff.

## THIRTIETH DEFENSE

The facts not having been fully developed and discovery having not yet begun, this defendant affirmatively pleads the following affirmative defenses as may be applicable in this action: assumption of risk, contributory negligence, estoppel, fraud, illegality, laches, statute of limitations, release, accord, satisfaction, payment, credit for payments received by Plaintiff or payments made on Plaintiff's behalf, *res judicata*, statute of frauds, waiver, and any other matter constituting an avoidance or affirmative defense.

AND NOW, HAVING FULLY AND FINALLY ANSWERED the allegations of the Complaint, Defendant The Travelers Indemnity Company requests that the Complaint be dismissed with prejudice and that all costs be assessed to the plaintiff.

RESPECTFULLY SUBMITTED, this the 27th day of November 2019.

**THE TRAVELERS INDEMNITY COMPANY**

BY:    *s/ M. Madison Taylor*
Michael W. Baxter (Miss. Bar No. 2211)
M. Madison Taylor (Miss. Bar No. 103943)
*Attorneys for The Travelers Indemnity Company*

–12–

OF COUNSEL:

BAXTER LAW FIRM, PLLC
300 Highland Park Cove, Suite A
Ridgeland, Mississippi 39157
Telephone: 769-233-7731
Email:  mbaxter@baxterpllc.com
        mtaylor@baxterpllc.com

### CERTIFICATE OF SERVICE

I, M. Madison Taylor, do hereby certify that on this day I filed the foregoing *The Travelers Indemnity Company's Answer and Defenses to the Plaintiff's Complaint* via the Court's ECF system and have served a true and correct copy to counsel of record:

Yancy B. Burns
BURNS & ASSOCIATES, PLLC
P.O. Box 16409
Jackson, MS 39236-6409
Telephone: (601)487-6997
*Attorney for Plaintiff*

Jeffrey P. Reynolds
JEFFREY P. REYNOLDS, P.A.
P.O. Box 24957
Jackson, MS  39225
*Attorney for Birdsong Construction, Inc.*

Jason M. Kirschberg
Gadow|Tyler, PLLC
511 East Pearl Street
Jackson, MS 39201
*Attorney for Birdsong Construction, Inc.*

This the 27th day of November 2019.

 *s/ M. Madison Taylor*
M. Madison Taylor